IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL E. LEFEBVRE and
PATRICIA R. LEFEBVRE,
    Plaintiffs,

vs.                                    Case No.:  3:08cv27/RV/EMT

WARREN D. BLACKBURN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiffs' amended civil complaint (Doc. 11).  The filing fee has been paid.  Upon review of the complaint, it is apparent that this court does not have subject matter jurisdiction of any of the claims raised therein.  Therefore, this case should be dismissed.

    Plaintiffs name four Defendants in this action:  Warren D. Blackburn and Kathleen A. Berube, Mr. Blackburn's wife (the Blackburns); Michael B. Moxey, an employee of the United States Army Corps of Engineers; and the Honorable Robert E. Wilters, a judge for the Circuit Court of Baldwin County, Alabama (Doc. 1 at 1, 2).  Over two years ago, Plaintiffs commenced litigation against the Blackburns in the Circuit Court for Baldwin County, Case No. CV-05-1202, seeking, among other relief, a judgment declaring Plaintiffs' rights to access and use a boat slip and pier that extended from the Blackburns' real property into Palmetto Creek (the Creek) in Elberta, Alabama (*see* Doc. 1 at 3–4; Doc. 11 at 2).  *See* Blackburn v. Lefebvre, 976 So. 2d 482, 485 (Ala. Civ. App. 2007). Judge Wilters presided over the trial court proceedings and entered judgment on November 15, 2006, which stated, in relevant part:

    It is hereby ORDERED, ADJUDGED, DECREED that:

1.   On April 13, 2005, [the Blackburns] purchased Parcel A in the family subdivision, including the pier, from Mary E. Marler as demonstrated by a warranty deed marked as [the Blackburns'] Exhibit J.  [The Blackburns] own the pier in fee simple.

2.  According to [the Blackburns'] Exhibit 5 executed on May 10, 2004, [the Lefebvres] have the right to use the existing boat slip on the south side of [the Blackburns'] pier as long as [the Lefebvres] own Parcel B in the Family Subdivision and are living.  [The Lefebvres'] right to use the south boat slip is not assignable, conveyable, or inheritable.

3.   However, [the Lefebvres] must pay [the Blackburns] $200 per year in consideration for the right to use the pier.  Said payments are due on or before October 1st of each year, commencing with October 1, 2007.

4.  [The Lefebvres'] right to use the pier was not extinguished or terminated when Hurricane Ivan substantially destroyed the pier on or about September 16, 2004.

5.  [The Lefebvres'] right to use the pier was not extinguished or terminated when Mary E. Marler sold Parcel A and the pier to [the Blackburns] on April 13, 2005.

6.  [The Lefebvres'] right to use the pier was not extinguished or terminated when [the Lefebvres] intentionally removed all the pier boards on or about June 30, 2005.

7.  [The Lefebvres'] right to use the pier was not extinguished or terminated when [the Lefebvres] assigned the right to use the south boat slip to [Lefebvre's friend,] Thomas Bailey.

8.  [The Lefebvres'] right to use the pier was not extinguished or terminated when [the Lefebvres] failed to pay [the Blackburns] $200 on or before October 1, 2005, and on or before October 1, 2006.

9.  [The Lefebvres] do not have a right to use or interfere with the boat slip on the north side of the pier.

10.  [The Lefebvres] must remove the pier box and all other fixtures they have installed on [the Blackburns'] pier.  [The Lefebvres] do not have the right to rebuild, repair, alter, or modify the pier or the boat slips.

11.  [The Blackburns] do not have an obligation to rebuild the pier if the pier is substantially damaged by a hurricane or other natural forces.

> 12. [The Blackburns] do have an obligation to perform general maintenance of the pier.
>
> . . . .
>
> 16. [The Lefebvres] cannot leave their boats, kayaks, or other watercraft in the waters of Palmetto Creek adjacent to Parcel A in the Family Subdivision for any amount of time, except to the extent that [the Lefebvres] have the limited right to use the south boat slip as set forth herein.

*Id.* at 488–89.

The Blackburns appealed the trial court decision to the Alabama Supreme Court, which transferred the case to the state Court of Civil Appeals. Blackburn, 976 So. 2d at 485. While the appeal was pending, Plaintiffs sought an injunction permanently preventing the Blackburns from constructing a boat house, but Judge Wilburn denied their request (*see* Doc. 11 at 2–3; *see also* Doc. 1, attached Motion for Temporary Restraining Order and Preliminary Injunction). The appellate court subsequently issued a written opinion affirming the trial court's judgment. Blackburn, 976 So. 2d at 489–97.

In the instant complaint, Plaintiffs allege that on April 3, 2007, while the appeal of the trial court judgment was pending, Defendant Blackburn interfered with their rights to use the south boat slip by commencing construction of a boat house to the west of the south boat slip (Doc. 11 at 2). Plaintiffs allege that the boat house has restricted their access to Creek (*id.* at 1–2). Plaintiffs state they notified Mr. Moxey, an employee of the Army Corps of Engineers, that construction of the boat house restricted their access to the Creek (*id.* at 2). Mr. Moxey responded that any blocking of the boat slip would be taken down; however, the Army Corps of Engineers had not removed the boat house (*id.*).

Plaintiffs claim that Judge Wilters violated their rights under section 10 of the Rivers and Harbors Act (RHA), codified at 33 U.S.C. § 403, and has continued to violate their civil rights under 42 U.S.C. § 1983 by failing to enjoin the Blackburns from constructing the boat house (Doc. 11 at 2–3). As to the Blackburns, Plaintiffs claim that the Blackburns constructed the boat house in violation of their rights under the license agreement and in violation of their "civil rights to access the Palmetto Creek" pursuant to the RHA and 42 U.S.C. § 1983 (*id.* at 3). Plaintiffs claim that Mr. Moxey, in his official capacity as an employee of the Army Corps of Engineers, violated their rights under the RHA and section 1983 by failing to remove the Blackburns' boat house (*id.*). As relief,

Plaintiffs seek the following:  (1) actual damages, "special damages of restitution," and incidental damages, (2) removal of the boat house, (3) a temporary and permanent injunction, (4) removal of Judge Wilters from hearing any matter relating to Case No. CV-05-1202, (5) costs and future attorney fees, and (6) pre- and post-judgment interest (*id*. at 3–4).

Upon the filing of the instant federal action, the undersigned reviewed the complaint and issued an order directing Plaintiff's to state a jurisdictional basis for this action (Doc. 3).  Plaintiffs now state the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, they are current residents of Florida (they list a post office box as their address), and Defendants are residents of Alabama (Doc. 11 at 1–2).  Plaintiffs also appear to assert federal question jurisdiction under § 1331 because they claim violations of federal law, specifically, 33 U.S.C. § 403, and seek relief for said violations under 42 U.S.C. § 1983 and, presumably, Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  Lovern, 190 F.3d at 653 (citations omitted).  Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure.  *Id.* (citations omitted).  A district court may address its lack of subject matter jurisdiction in two ways:  the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.  "Federal jurisdiction requires that a party assert a substantial federal claim.  Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L.

Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  In Hagans, the Supreme Court noted:  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'"  415 U.S. at 536–37 (citations omitted).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Initially, Plaintiffs' claims against Judge Wilters are precluded by the doctrine of judicial immunity.  In Pulliam v. Allen, 104 S. Ct. 1970 (1984), the Supreme Court concluded that judicial immunity is not a bar to demands for injunctive relief against state judges.  Congress abrogated Pulliam, however, by passing the Federal Courts Improvement Act, Pub.L. No. 104-317, 110 Stat. 3847 (1996), which amended section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Furthermore, Plaintiffs may not recover monetary damages against Judge Wilters because the doctrine of judicial immunity protects him from such liability.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. . . ."  Pierson v. Ray, 386 U.S. 547, 553–54, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967).  Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction.'"  Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir.1985) (en banc ) (quoting Stump v. Sparkman, 435 U.S. 349, 357, 98 S. Ct. 1099, 1105, 55 L. Ed.2 d 331 (1978)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her

jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). In the instant case, the first requirement for immunity is satisfied because by issuing orders concerning Plaintiffs' rights with respect to the boat slip and pier, Judge Wilters was dealing with Plaintiffs in his judicial capacity. Additionally, there is no indication that the second requirement is absent because the Baldwin County Circuit Court had subject matter jurisdiction such that it could determine the parties rights to the pier and boat slips. Therefore, Plaintiffs have failed to state a substantial federal claim against Judge Wilters, and their claims against him should be dismissed.

Plaintiffs have also failed to state a substantial federal claim against the Blackburns and Mr. Moxey for alleged violation of the RHA. Section 403 of Title 33 provides:

> **§ 403. Obstruction of navigable waters generally; wharves; piers, etc.; excavations and filling in**
>
> The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor or refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same.

33 U.S.C. § 403. However, the Supreme Court has ruled that § 10 of the Rivers and Harbors Act, promulgated as 33 U.S.C. § 403, does not provide a private right of action. California v. Sierra Club, 451 U.S. 287, 297–98, 101 S. Ct. 1775, 1781, 68 L. Ed. 2d 101 (1981); *see also* Louisiana v. M/V Testbank, 752 F.2d 1019, 1031 (5th Cir. 1985) (Rivers and Harbors Act did not authorize private actions to be brought for violation of its provisions); Sierra Club v. United States Army Corps of Engineers, 701 F.2d 1011, 1033 (2d Cir. 1983) (same). Therefore, Plaintiffs' claims for violations of the RHA are not actionable.

Additionally, Plaintiffs' claims against the Blackburns and Mr. Moxey under 42 U.S.C. § 1983 and Bivens are wholly insubstantial. Based upon the well-reasoned decision of the Sixth

Case No: 3:08cv27/RV/EMT

Circuit in Lochman v. County of Charlevoix, the undersigned concludes that 33 U.S.C. § 403 was not intended to protect individuals suffering the injuries for which Plaintiffs in this case seek damages under section 1983 and Bivens, therefore, Plaintiffs may not maintain a civil rights action against the Blackburns and Mr. Moxey for alleged violations of 33 U.S.C. § 403.  94 F.3d 248, 250–54 (6th Cir. 1996).  Accordingly, Plaintiffs' claims under the RHA and their related civil rights claims based upon Defendants' alleged violations of the RHA should be dismissed for lack of jurisdiction.

As to Plaintiffs' remaining claim against the Blackburns for alleged violation of the license agreement, federal review of this claim is barred by the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.  *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983).  The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts.  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment.  A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted).  The Eleventh Circuit has developed the following four criteria which must be satisfied for the Rooker-Feldman doctrine to bar federal court jurisdiction: "(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment."  Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (internal citations omitted).

In the instant case, to the extent Plaintiffs claim that the Blackburns have violated their rights as licensees to use the south boat slip by constructing the boat house, they are essentially

challenging the basis of the Baldwin County Circuit Court's decision determining their rights to use the boat slip and pier, and denying their request that the Blackburns be prevented from constructing a boat house.  The first prong of the Rooker-Feldman standard is satisfied because Plaintiffs were parties to the state court proceedings.  As to the second prong, although Plaintiffs' presented their claim concerning the boat house in a motion for temporary relief, they sought an order permanently enjoining the Blackburns from constructing the boat house; therefore, the court's denial of their motion constituted a final or conclusive judgment on the merits.  As to the third and fourth prongs, not only did Plaintiffs have a reasonable opportunity to present their claim concerning their rights as licensees during the state court proceeding, they in fact raised their claims; therefore, the third and fourth prongs of the Rooker-Feldman doctrine are satisfied.  Accordingly, Plaintiffs claims against the Blackburns for allegedly violating the license agreement by constructing the boat house should be dismissed.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be **DISMISSED** for lack of jurisdiction.
2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No:  3:08cv27/RV/EMT